# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-10583
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LUIS EDUARDO NAVARRETE,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CR-67-1

_____

Before WIENER, HIGGINSON, and HO, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Luis Eduardo Navarrete pleaded guilty to conspiracy to distribute a controlled substance and to distribution of a controlled substance to a person under 21 years of age. The district court sentenced him above the guidelines range and imposed concurrent sentences

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-10583

of 240 months in prison as to each count of conviction. Navarrete appeals his sentence.

Navarrete argues that district court improperly decided to impose an upward departure under U.S.S.G. § 5K2.1., based on the determination that he caused the death of juvenile victim V.D. He contends that he should not have been punished for V.D.'s death because he did not contribute to, and was not responsible for, her fatal overdose. Also, he asserts that the district court incorrectly gave the death of V.D. the same weight as an overdose death to which he admittedly contributed (i.e., the death of juvenile victim J.P.).

The instant claim is not supported by the record. Thus, we need not resolve whether the argument is a challenge to the procedural or substantive reasonableness of the sentence. *See United States v. Sepulveda*, 64 F.4th 700, 709 (5th Cir. 2023). Likewise, we need not determine whether the appellate arguments were properly preserved. *See id*.

The record does not establish that the district court relied on the death of V.D. in sentencing Navarrete. Rather, the record supports that the district court found, and the parties effectively agreed, that an upward departure was warranted because Navarrete was responsible for the fatal overdoses of two other juvenile victims (J.P. and A.Z.). Navarrete has identified no evidence that supports his assertion that the district court considered V.D.'s death— instead of the two deaths for which he admitted responsibility and conceded could support an upward departure—in its sentencing decision.

Because there is no indication that the district court relied on V.D.'s death in selecting the sentence, Navarrete's claim lacks merit. The judgment of the district court is AFFIRMED.